UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

VIRGINIA QUINONEZ,

    Plaintiff,

vs.

                                Case No:

UNITED STATES OF AMERICA,

    Defendant.

_____/

## COMPLAINT

Plaintiff, VIRGINIA QUINONEZ, sues Defendant, UNITED STATES OF AMERICA, stating:

1.    This is a claim against the UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 - §2680.

2.    This Court has exclusive jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1346(b) and §2671, *et seq*.

3.    Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1402(b) and §1346(b) because the events giving rise to these claims occurred in West Palm Beach, Palm Beach, Florida.

4.    Plaintiff has complied with the notice requirements of 28 U.S.C. §2675. Form 95 is not attached it was sent and received and through no fault of our own it has been lost or destroyed subsequent to sending, and cannot be attached.

5.    Plaintiff, VIRGINIA QUINONEZ, presented his claim to the United States Postal Service ("USPS") on March 11, 2019. Form 95 is not attached it was sent and received and through no fault of our own it has been lost or destroyed subsequent to sending, and cannot be attached.

**6.** On April 29, 2020, Plaintiff, VIRGINIA QUINONEZ, sent a request for confirmation to the Defendant, asking for confirmation of receipt of Plaintiff's packet with medical records and form 95 regarding the claim. **See attached as Exhibit "A".**

**7.** On August 6, 2020, the Defendant, responded to that request by indicating that the claim had been assigned for adjudication and that the claim was in the process of review. The six month notice regarding adjudication was re-asserted at that time. **See attached as Exhibit "B".**

**8.** On March 12, 2021, Defendant sent a formal denial letter. **See attached as Exhibit "C".**

9. On September 10, 2021, Plaintiff filed a request for reconsideration of the denial. **See attached as Exhibit "D"**.

10. On October 4, 2021, the Defendant acknowledged receipt of the Plaintiff's request for reconsideration, indicated that again the claim was in the process of review, and once again, asserted another six month adjudication period beginning September 14, 2022. **See attached as Exhibit "E".**

11. As of the date of this filing, the USPS has not made a final disposition of the Plaintiff's claim.

12. The USPS failed to make a final disposition of the Plaintiff's claim within six (6) months after the claim was filed. Therefore, Plaintiff is permitted to institute this action at this time. 28 U.S.C. §2675(a).

13. On or about October 3, 2017, Plaintiff, VIRGINIA QUINONEZ, occupied a motor vehicle traveling on Interstate I-95 in West Palm Beach, Palm Beach County, Florida.

14.     At that time and place, Antony D. Buettner was operating a motor vehicle owned by the USPS within the course and scope of her employment with the USPS.

15.     The USPS is an agency and instrumentality of the UNITED STATES OF AMERICA.

16.     The UNITED STATES OF AMERICA is liable for damages caused by the negligent acts or omissions of USPS employees while acting within the course and scope of their employment with the USPS.

17.     The UNITED STATES OF AMERICA is liable for damages caused by the negligent acts or omissions of Antony D. Buettner while acting within the course and scope of his employment with the USPS.

18.     At that time and place, Antony D. Buettner negligently operated the motor vehicle, traveling behind the Plaintiff, following too closely, and as traffic was stopping, failed to stop in time, and/or otherwise use due care, causing the USPS vehicle to collide with the Plaintiff's motor vehicle.

19.     As the direct and proximate result of the negligence of Antony D. Buettner, Plaintiff, VIRGINIA QUINONEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, VIRGINIA QUINONEZ, demands judgment for damages against Defendant, UNITED STATES OF AMERICA.

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 14th day of September, 2022.

        By: _s/ Patrick J. Tighe_____
          **PATRICK J. TIGHE**
          Attorney Email:  Pat@X1LAW.com
          **Eservice Email:  sharon@x1law.com**
          Bar Number:  0568155
          Attorneys for Plaintiff
          X1LAW, P.A.
          721 US Highway One, Suite 101
          North Palm Beach, Florida 33408
          Telephone: (561)537-3319
          Facsimile: (561)537-7193

# X1LAW

PROFESSIONAL ASSOCIATION

721 US HIGHWAY ONE, SUITE 101
NORTH PALM BEACH, FLORIDA 33408

Telephone: (561)537-3319                                    Facsimile: (561)537-7193

Pat@X1LAW.com                                              Patrick J. Tighe, Esquire
Sharon@X1LAW.com                                           Sharon M. Seldow, Paralegal

April 29, 2020

United States Postal Service
National Tort Center
1720 Market Street, Room 2400
St. Louis, MO 63155

RE:     Our Client            :       Virginia Quinonez
        D/Accident            :       10/03/2017
        DOB                   :       10/19/1982
        NTC File No.          :       Not Yet Known

Dear Sir/Madam:

We submitted a standard form 95 on behalf of our client, Virginia Quinonez for injuries she
sustained as a result of an automobile accident with a postal truck occurring on October 3, 2017,
submitted by mail to the above address on March 11, 2019.

We have not received confirmation from the Postal Service  that you received our packet with
medical records and the form 95 regarding the claim, nor did we receive the notice of the
adjudication period for the claim.

Would you please have the assigned adjuster handling this claim please reach out to our office to
provide status with the Postal Service.

Thank you in advance for your attention to this matter.

Sincerely,

*Patrick J. Tighe*

Patrick J. Tighe, Esquire
PJT/ss

EXHIBIT "A"

LAW DEPARTMENT
NATIONAL TORT CENTER


**UNITED STATES**
**POSTAL SERVICE**

August 6, 2020

Mr. Patrick Tighe
X1 Law
721 US Highway One, Suite 101
North Palm Beach, FL 33408

| Re: | Your Client: | Virginia Quinonez |
|-----|--------------|-------------------|
|     | Date of Incident: | October 3, 2017 |
|     | NTC File No.: | NT202046687 |

Dear Mr. Tighe:

Please be advised that the administrative claim filed on behalf of Virginia Quinonez
with the United States Postal Service on July 20, 2020 has been assigned to my
office for adjudication.

I am currently in the process of reviewing this claim in order to make the
determination as to any legal liability on the part of the Postal Service for injuries
sustained by your client. This claim will be adjudicated as soon as possible, but be
aware that the Postal Service has six months from July 20, 2020 in which to
adjudicate this claim. Should you have any additional information you wish to submit
that would be helpful in the review of this matter, please forward same to my
attention at the National Tort Center, United States Postal Service, 1720 Market
Street, Room 2400, St. Louis, Missouri 63155-9948.

Sincerely,

*Kyle B. Harbaugh*

Kyle B. Harbaugh
Tort Examiner/Adjudicator
314/345-5861

/tw

cc:    Michelle Browder
       Tort Claims Coordinator
       File No. 330-18-00364186

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

EXHIBIT "B"

LAW DEPARTMENT
NATIONAL TORT CENTER


**UNITED STATES**
**POSTAL SERVICE**

**CERTIFIED NO. 7017 1450 0001 9610 9669**
**RETURN RECEIPT REQUESTED**

March 12, 2021

Mr. Patrick Tighe
X1 Law
721 US Highway One, Suite 101
North Palm Beach, FL 33408

Re:   Your Client:        Virginia Quinonez
      Date of Incident:   October 3, 2017
      NTC File No.:       NT202046687

Dear Mr. Tighe:

This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about October 3, 2017.

Pursuant to 28 U.S.C. §2401(b), the statute of limitations period for an action brought pursuant to the Federal Tort Claims Act is two years. This claim was received by the Postal Service on July 20, 2020. Accordingly, we have no authority to consider this claim, as it was filed beyond the time period established by statute, therefore, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL:  314/345-5820
FAX:  314/345-5893

EXHIBIT "C"

- 2 -

which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

*Kyle D. Harbaugh*

Kyle B. Harbaugh
Tort Examiner/Adjudicator
314/345-5861


cc:     South Florida Tort Claims Office
        Tort Claims Coordinator
        File No. 330-18-00364186C

# X1LAW

PROFESSIONAL ASSOCIATION

**721 US HIGHWAY ONE, SUITE 101**
**NORTH PALM BEACH, FLORIDA 33408**

Telephone: (561)537-3319                                                                 Facsimile: (561)537-7193

Pat@X1LAW.com                                                                          Patrick J. Tighe, Esquire
Sharon@X1LAW.com                                                                  Sharon M. Seldow, Paralegal

September 10, 2021

**VIA CERTIFIED MAIL – Return Receipt Requested**
**Article No. 9590 9266 9904 2170 3372 67**

Kyle B. Harbaugh, Tort Examiner/Adjudicator
United States Postal Service
National Tort Center
1720 Market Street, Room 2400
St. Louis, MO 63155

RE:     Our Client              :        Virginia Quinonez
            D/Accident          :        10/03/2017
            DOB                   :        10/19/1982
            NTC File No.       :        NT202046687

## REQUEST FOR RECONSIDERATION OF DENIAL

Dear Mr. Harbaugh:

As you know, our office represents Virginia Quinonez relative to the injuries she sustained as a result of an automobile accident with a postal truck occurring on October 3, 2017. We initially submitted our claim on March 11, 2019.

On July 20, 2020, we requested confirmation from the Postal Service that you received our packet with the medical records and form 95 regarding the claim. On August 6, 2020, you provided us with notice that this claim had been assigned to you for adjudication and that you were in the process of reviewing the claim. You re-asserted the six months-notice regarding adjudication.

On March 12, 2021, you sent a formal denial letter.

This claim was originally submitted in March of 2019, well before the expiration of the two-year time period. The untimely submission denial in your letter of March 12 2021, states that the claim was submitted on July 20, 2020. This is an error as our July 20, 2020 letter was a follow up on the original claim submitted because we had not received any communication or confirmation from the Postal Service of receipt.

Please let this letter serve as our request for the Postal Service to reconsider this claim. We believe that this claim was timely submitted and is worthy of processing by the Postal Service. Please advise if the Postal Service will reconsider and negotiate this claim.

Please be reminded that during this time period, the Postal Service was severely slowed down and had a shortage of man power and as a result all mail was delayed, late or not delivered at all.

EXHIBIT "D"

Page 2
September 10, 2021
Virginia Quinonez NT202046687

Thank you for your attention to this matter.

Sincerely,

*Patrick J. Tighe /s/*

Patrick J. Tighe, Esquire
PJT/ss



Return Receipt (Form 3811) Barcode

9590 9266 9904 2170 3372 67

1. Article Addressed to:

Kyle Harbaugh
United States Postal Service
National Tort Center
1720 Market Street, Room 2400
St. Louis, MO 63155

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2170 3372 64

PS Form 3811, Facsimile, July 2015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

SEP 1 4 2021

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information

Sharon M. Seldow, Paralegal
QUINONEZ, VIRGINIA v. USPS D/A:
10/03/17 QuinoVi01

Domestic Return Receipt



# U.S. Postal Service®
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

**USPS® ARTICLE NUMBER**

9414 7266 9904 2170 3372 64

| | | |
|---|---|---|
| Certified Mail Fee | $ $3.10 | |
| Return Receipt (Hardcopy) | $ $2.55 | |
| Return Receipt (Electronic) | $ $0.00 | **Postmark Here** |
| Certified Mail Restricted Delivery | $ $6.11 | |
| Postage | **Certified Article Number** | |

Total Postage and Fee 9414 7266 9904 2170 3372 64

Sent to: **SENDER'S RECORD**

Kyle Harbaugh
United States Postal Service
National Tort Center
1720 Market Street, Room 2400
St. Louis, MO 63155

**Reference Information**

Sharon M. Seldow, Paralegal

QUINONEZ, VIRGINIA v.
USPS D/A: 10/03/17 QuinoVi01

PS Form 3800, Facsimile, July 2015

LAW DEPARTMENT
NATIONAL TORT CENTER


**UNITED STATES
POSTAL SERVICE**

October 4, 2021

Mr. Patrick Tighe
X1 Law
721 US Highway One, Suite 101
North Palm Beach, FL 33408

Re:  Your Client:      Virginia Quinonez
     Date of Incident:  October 3, 2017
     NTC File No.:      NT202046687

Dear Mr. Tighe:

Please be advised that your request for reconsideration was received by the United
States Postal Service on September 14, 2021.

We are currently in the process of reviewing the additional information you provided
in order to make the determination as to any legal liability on the part of the Postal
Service for the injuries sustained by your client.  We intend to adjudicate this claim
as soon as possible, but be aware that the Postal Service has six months
September 14, 2021 in which to adjudicate this claim.

Should you have any questions, please do not hesitate to contact the undersigned.

Sincerely,

Kyle B. Harbaugh
Tort Examiner/Adjudicator
314/345-5861

cc:  South Florida Tort Claims Office
     Tort Claims Coordinator
     File No. 330-18-00364186C

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

EXHIBIT "E"