UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-81435-CV-AMC

VIRGINIA QUINONEZ,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS COMPLAINT    [ECF No. 9]

Virginia Quinonez was involved in a car accident with a Postal Service vehicle on October 3, 2017.  She brings this case under the Federal Tort Claims Act (FTCA) for personal injury damages.  The United States moves to dismiss the complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The dispositive issue is whether Ms. Quinonez timely notified the Postal Service of her claim, as required by 28 U.S.C. §2401(b).  For the following reasons, the Motion to Dismiss should be granted without prejudice.

### I.    LEGAL PRINCIPLES

A. *Rule 12(b)(6)*

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party.

*Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 555 (2007) (citations omitted).

While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*; *see Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U. S. at 678 (quoting *Twombly*, 550 U. S. at 557 (alteration in original)). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U. S. at 555 (citations omitted).

The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U. S. at 678 (citing *Twombly*, 550 U. S. at 570). When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court

>    should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U. S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (J. Altonaga) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

With limited exceptions, the Court looks only to the allegations in the complaint, any documents appended to the complaint or incorporated by reference into it, and any judicially-noticed facts. *Reed v. Royal Caribbean Cruises Ltd.*, No. 20-CV-24979-RAR, 2022 WL 3027906, at *6 (S.D. Fla. Aug. 1, 2022) (J. Ruiz). The Court also may consider other documents whose authenticity is undisputed and which are central to the claims in this matter. *Day v. Taylor*, 400 F. 3d 1272, 1276 (11th Cir. 2005).

   B. FTCA

The FTCA is a limited waiver of sovereign immunity that allows tort suits against federal agencies. Before suing, however, the claimant must give written notice to the agency. 28 U.S.C. §2675 (FTCA action cannot be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."). The claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. §2401(b). The mailing of a proof

of claim creates a rebuttable presumption that the mail was received. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1239 (11th Cir. 2002).

C. *Equitable Tolling*

The time limits under Section 2401(b) are not jurisdictional, so they are subject to equitable tolling in appropriate circumstances. *United States v. Wong*, 575 U.S. 402, 412 (2015); *see, e.g., Dotson v. United States*, 30 F.4th 1259, 1268 (11th Cir. 2022).

> "Equitable tolling 'is an extraordinary remedy which should be extended only sparingly.' Thus, "[e]quitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." The plaintiff has the burden of proving that such extraordinary circumstances exist.

*Dotson*, 30 F.4th at 1268 (internal citations omitted).

## II. COMPLAINT

The Complaint alleges, in relevant part:

1. "Plaintiff has complied with the notice requirements of 28 U.S.C. §2675. Form 95 is not attached it was sent and received and through no fault of our own it has been lost or destroyed subsequent to sending, and cannot be attached." ¶4

2. "Plaintiff, Virginia Quinonez, presented his [sic] claim to the United States Postal Service ("USPS") on March 11, 2019." ¶5.

3. "On April 29, 2020, Plaintiff, Virginia Quinonez, sent a request for confirmation to the Defendant, asking for confirmation of receipt of Plaintiff's packet with medical records and form 95 regarding the claim." ¶6.

4. The April 29, 2020, correspondence to the Postal Service (which is appended to and incorporated into the Complaint) said, "We submitted a standard

4

form 95 on behalf of our client, Virginia Quinonez for injuries she sustained as a result of an automobile accident with a postal truck occurring on October 3, 2017, submitted by mail to the above address on March 11, 2019." ECF No. 1 at 5.

### III.   DISCUSSION

The Government argues the complaint must be dismissed with prejudice because Ms. Quinonez did not file a timely administrative claim. The Government argues there is insufficient evidence that Ms. Quinonez mailed her claim prior to July 2020. The Government relies in part on a sworn declaration from Kimberly Herbst, a Postal Service management employee, that is appended to the Motion to Dismiss. The Herbst declaration says a diligent search of the Postal Service's claims database does not show a claim from Ms. Quinonez before July 20, 2020. ECF No. 9-1. Attached to this Declaration is a copy of a Form 95 signed by Ms. Quinonez on March 11, 2019 and stamped "received" by the Postal Service on July 20, 2020. ECF No. 9-1 at 4-5.

Ms. Quinonez argues that the Complaint contains sufficient well-pled facts to plausibly allege that she mailed her claim to the Postal Service in March 2019. She contends the Court cannot consider the Herbst Declaration in ruling on the Government's 12(b)(6) motion.

Appended to Ms. Quinonez's Response to the Motion is a sworn affidavit from her lawyer's paralegal, Sharon Seldow, saying "On or about March 11, 2019, I prepared Ms. Quinonez's claim packet; specifically, I addressed the packet to the United States Post Office; stamped the packet; and mailed the packet via certified

5

mail." ECF No. 11-1 at 4. The Seldow Affidavit goes on to explain that only a scanned copy of the packet was retained, and that the scanned copy was lost during a cyber-attack on the lawyer's computer files in October 2019. *Id.*

The Government relies heavily on the Eleventh Circuit's decision in *Barnett*. In that case, an FTCA claimant said he timely mailed his administrative claim form to the Department of Veterans Affairs. The VA said it never received the form, so it moved under Rule 12(b)(6) to dismiss the FTCA complaint for failing to state a claim. The claimant amended his complaint to include a copy of the administrative claim form, the cover letter, and the envelope he used to send the form to the VA. The Government renewed its motion to dismiss. The trial court dismissed the amended complaint because it lacked adequate proof to verify that the form was mailed to and received by the VA. 283 F.3d at 1236.

On appeal, the Eleventh Circuit reversed. Applying then-controlling circuit precedent, it treated the filing of the administrative claim as jurisdictional, so it deemed the Government's motion to be a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), not a motion under Rule 12(b)(6). *Id.* at 1237. As the Court of Appeals noted, "This distinction is important. When a defendant moves under 12(b)(6) to dismiss a complaint for failure to state a claim, the plaintiff is safeguarded by a presumption that the allegations in his complaint are true. A plaintiff does not necessarily have this same protection from a 12(b)(1) motion." *Id.* at 1237. Also, when a defendant factually challenges subject matter

jurisdiction, the Court can consider facts outside the four corners of the complaint, can weigh those facts, and can resolve disputed facts. *Id.* at 1237-38.

The *Barnett* Court held that there was sufficient circumstantial evidence from which a finder of fact could conclude that the claim form had been mailed and received. It adopted the common law "mailbox rule," that is, "a rebuttable presumption that an item properly mailed was received by the addressee." *Id.* at 1239 (citing *Konst v. Florida E. Coast Ry. Co.*, 71 F.3d 850, 857 (11th Cir. 1996)). That presumption can arise from evidence that "(1) the document was properly addressed; (2) the document was stamped; and (3) the document was mailed." *Barnett*, 283 F.3d at 1240 (internal citation omitted).

Here, *Barnett* does not carry the weight that the Government argues. Unlike in *Barnett*, the Postal Service's motion to dismiss is evaluated under Rule 12(b)(6). So, the well-pled factual allegations in the Complaint must be accepted as true and the Court's ability to consider evidence beyond the Complaint is limited. And, the factual assertions in the Herbst Declaration cannot be considered at this stage. The Government argues "that the information contained in the Declaration" is central to the plaintiff's claim and its authenticity is not challenged. ECF No. 12 at 5. This argument misconstrues the rule that allows the Court adjudicating a Rule 12(b)(6) motion to consider evidence outside the four corners of a complaint. The Court can consider *pre-existing documents* that are central to the claims and whose authenticity is not challenged. It cannot consider newly-created affidavits. *See, e.g., Rodriguez v. Holder*, No. 10-24108-CIV, 2011 WL 2911927, at *3 n.9 (S.D. Fla. Mar. 9, 2011) (J.

7

Altonaga) (under Federal Rule of Civil Procedure 10(c), affidavit is not a "written instrument" and thus cannot be considered in resolving a Rule 12(b)(6) motion). For the same reason, the Seldow Affidavit cannot be considered. The pre-existing documents appended to the Declaration — such as the date-stamped claim form — can be considered.

Having clarified what can properly be considered, I now turn to the sufficiency of the allegations in the Complaint. The Complaint falls short of plausibly alleging that the administrative claim form was timely received by the Postal Service. First, it alleges, "Plaintiff has complied with the notice requirements of 28 U.S.C. §2675." ¶4. That statement is merely a legal conclusion, not a factual averment. It then alleges, "Form 95 . . . was sent and received." *Id.* Insofar as this statement says the form was sent, it is a factual averment that is entitled to the assumption of truth. The problem is that it fails to say *how* the form was sent, so it fails to create a circumstantial inference that the form was received. The Complaint also alleges that Ms. Quinonez "presented" her claim on March 11, 2019. ¶5. This statement parrots the statutory word "presented" from Section 2675. But, it fails to say how the form was presented, so it is merely a conclusion of law, which is not entitled to the assumption of truth. Finally, the Complaint incorporates an April 2020 letter from Ms. Quinonez' counsel that references the form having been mailed to the Postal Service on March 11, 2019. ECF No. 1 at 5. Although this statement may be circumstantial evidence that could help support an inference that the form was, in fact, mailed in March 2019, it is not sufficient on its own to plausibly allege this fact.

8

D. *Equitable* Tolling

Ms. Quinonez argues in the alternative that if her administrative claim was untimely, the time limit in Section 2401(b) should be equitably tolled. As currently pled, the Complaint does not plausibly allege that equitable tolling should be applied. That is, it lacks sufficient facts to show extraordinary circumstances that were both beyond Ms. Quinonez's control and unavoidable even with diligence.

## IV. CONCLUSION

For the above-stated reasons, the Government's Motion to Dismiss should be granted. The dismissal should be without prejudice because I cannot conclude that permitting further amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001). In particular, the facts sworn in the Seldow Affidavit (if restated in an Amended Complaint) might plausibly allege that the claim form was timely mailed. And, I cannot exclude that an Amended Complaint could plausibly allege additional facts showing that equitable tolling should occur.

In a footnote, Ms. Quinonez asserts that any dismissal should be without prejudice and with leave to amend. ECF No. 11 at 8 n.1. This is not the proper way to seek leave to file an Amended Complaint. "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir.1999) *quoted in Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009). Ms. Quinonez's remedy is to file a separate motion for leave to file an Amended Complaint that appends the proposed amended pleading. *See* S.D. Fla. Local Rule 15.1.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the Motion to Dismiss without prejudice.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 15th day of February 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE